UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY WORCESTER, | ) | CASE NO. 5:18-cv-1704 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STARK STATE COLLEGE, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the motion to dismiss filed by defendant Stark State College ("SSC") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 7 ["Mot."].) Plaintiff Emily Worcester ("Worcester") filed a brief in opposition (Doc. No. 8 ["Opp'n"]), and SSC filed a reply (Doc. No. 9 ["Reply"]). For the reasons set forth herein, the motion to dismiss is granted with respect to the federal claim in count one. Under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claim in count two.

I. BACKGROUND

On July 23, 2018, Worcester filed her complaint against SSC, pursuant to 42 U.S.C. § 1983, seeking redress for alleged violations of her substantive and procedural due process rights under the Fourteenth Amendment. (Doc. No. 1, Complaint ["Compl."] ¶ 3.)

Worcester alleges that she enrolled at SSC in 2014. (*Id.* ¶ 10.) In 2016, having completed all the prerequisites, she was accepted into SSC's dental hygiene program. (*Id.* ¶ 12.) On April 5, 2018, despite both having no disciplinary record and remaining in good standing, Worcester "received a letter informing her that she had been dismissed from the dental hygiene program and that the letter would serve as a 'final' dismissal." (*Id.* ¶¶ 14–15; ¶ 27.)

Worcester alleges that her dismissal "was based upon two alleged incidents in which she was accused of taking dental impressions of patients off of [SSC's] property." (*Id.* ¶ 16.) She admits that she "took dental impressions of two of her patients outside of [SSC,]" but claims that she was "unaware that she was not allowed" to do so. (*Id.* ¶ 19.) She alleges that she was "never told" and had "no notice" that such behavior "could result in expulsion." (*Id.* ¶¶ 20–21.) Worcester alleges that she was "dismissed from the dental hygiene program without being given the opportunity to be heard or to file any appeal or readmission application." (*Id.* ¶ 29.)

Worcester further alleges that another student who had engaged in the same behavior was not dismissed, was given an opportunity to re-take the dental impressions, and graduated on time with multiple awards. (*Id.* ¶¶ 31–33.)

Finally, Worcester alleges that she filed a formal student complaint, for which she never received a written decision, as well as a readmission application. (*Id.* ¶¶ 35–43.) She alleges that SSC "failed to follow its own procedures, depriving [her] of her due process rights[,]" and breaching a contract that SSC had with her. (*Id.* ¶¶ 47; 50–54.)

Worcester asserts a single federal claim for violation of procedural and substantive due process under the Fourteenth Amendment and a single state law claim for breach of contract.

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather

2

than a blanket assertion, of entitlement to relief." *Id*. at 555, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts") (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).[1]

**B.     Analysis**

    **1.     Section 1983 Fourteenth Amendment Due Process Claim(s)**

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Heyne v. Metro.*

---

[1] In ruling on a motion to dismiss under Fed. R. Civ. P. 12, a court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Ath. Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).) Here, the motion to dismiss has four exhibits, all of which are "central to the claims" in the complaint. The Court has considered each exhibit in reaching this decision.

*Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011) (quoting *Marvin v. City of Taylor*, 509 F.3d 234, 243 (6th Cir. 2007)).

Here, SSC does not deny that it is a "person" within the meaning of the statute or that it can act under color of state law. (Mot. at 45.) Rather, SSC argues that, as a political subdivision, it can only be held liable for injuries resulting from an official policy or custom. (*Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).) SSC asserts that Worcester does not allege that an official policy or custom caused her injury; instead she alleges that SSC violated the Constitution by failing to follow its own policy. (*Id.*) SSC further argues that, even if this Court were to find that plaintiff's allegations meet the "policy" requirement, SSC's dismissal of Worcester from the dental hygiene program did not violate the Due Process Clause.

### a. Procedural Due Process Claim

To prevail on a procedural due process claim under § 1983, Worcester must show that (1) she had a life, liberty, or property interest protected by the Due Process Clause; (2) she was deprived of this protected interest; and (3) that SSC did not afford her adequate procedural rights prior to depriving her of the interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Most courts examining the issue in the academic setting assume there is a protectable interest and look to whether the process received was adequate. *See, e.g.*, *Mbawe v. Ferris State Univ.*, 751 F. App'x 832, 841 (6th Cir. 2018).

The Supreme Court has recognized a significant difference between failure of a student to meet academic standards and violation by a student of valid rules of conduct. "This difference calls for far less stringent procedural requirements in the case of an academic dismissal." *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 86, 98 S. Ct. 948, 55 L. Ed. 2d 124 (1978).

Due process for academic conduct does not require a formal hearing when the process was careful and deliberate. "In the case of an academic dismissal . . . from a state educational institution, when the student has been fully informed of the faculty's dissatisfaction with the student's academic progress and when the decision to dismiss was careful and deliberate, the Fourteenth Amendment's procedural due process requirement has been met." *Ku v. Tennessee*, 322 F.3d 431, 436 (6th Cir. 2003) (citing *Horowitz*, 435 U.S. at 85–86); *Yoder v. Univ. of Louisville*, 526 F. App'x 537, 550 (6th Cir. 2013).

Because "academic decisions 'require[ ] an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decisionmaking[,]'" *Ku*, 322 F.3d at 436 (alterations in original) (quoting *Horowitz*, 435 U.S. at 91), when judges are asked to review an academic decision, "they may not override it unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgement." *Regents of the Univ. of Mich. v. Ewing*, 474 U.S. 214, 225, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985).

Therefore, when considering a motion to dismiss, the question is whether plaintiff's complaint alleges sufficient facts, which, taken as true, plausibly show that either she was not fully informed of defendant's dissatisfaction with her performance or that her dismissal was not made carefully and with deliberation. Although Worcester alleges she was denied notice and opportunity to be heard, in fact, accepting her factual allegations as true, she received all the process she was due with respect to her academic dismissal.

Worcester alleges that the April 5, 2018 dismissal letter from SSC "in and of itself violated [her] due process rights as Stark State's own policy allows for students dismissed from the program to file an application for readmissions [sic] within thirty (30) days of dismissal." (Compl. ¶ 28.)

5

She claims she was "dismissed from the dental hygiene program without being given the opportunity to be heard or to file any appeal or readmission application." (*Id.* ¶ 29.) She claims that, as a result, she "has been deprived of fair notice, warning, hearing and otherwise been deprived of due process under law." (*Id.* ¶ 30.)

As a threshold matter, even assuming for the sake of argument that SSC violated its own policies or procedures, that "does not in and of itself implicate constitutional due process concerns." *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995).

In her opposition brief, Worcester criticizes SSC's characterization of her dismissal as "academic," asserting that "there is no evidence that the dismissal was academic at all." (Opp'n at 99.) Worcester accuses SSC of "issu[ing] a vague dismissal letter, waiting to see what claims she [would] bring, and then choos[ing] how to classify her dismissal." (*Id.*) She claims that, in all her years at SSC, she "had no disciplinary record and maintained a passable [sic] grade point average in her program." (*Id.*)[2]

Worcester's assertion that her dismissal was not academic has no merit. Courts routinely hold that academic dismissals "may be properly based on more than simply grades, particularly in

---

[2] Worcester consistently describes her grade point average as "passable" which, according to the Oxford English Dictionary, means "of adequate or acceptable quality; sufficient; satisfactory. In later use: just good enough to be acceptable." It is likely she meant to allege that she had a "passing" grade point average, which is defined as: "of a mark, grade, score, or standard: that is high enough to be acceptable, *spec.* high enough to enable a candidate to pass an examination or course."

6

a medical-professional context." *Yoder*, 526 F. App'x at 550 (citing *Horowitz* (dismissal for poor personal hygiene and failure to keep clinical schedules)). A dismissal is "academic in nature if there is a nexus between the . . . conduct and the prospects of success in a student's field of study." *Stevenson v. Owens State Cmty. Coll.*, 562 F. Supp. 2d 965, 971 (N.D. Ohio 2008).

The dismissal letter outlined infractions by Worcester that are clearly academic in nature, including, with respect to patients Jackson J. and Danielle K., taking dental impressions outside the clinical setting and later presenting them as having been approved through the appropriate processes. Worcester first revealed to her professor on March 28, 2018, that she had taken dental impressions off site. The professor immediately informed her that this was unacceptable and would be reported to SSC. (Compl. ¶¶ 23–26.) Her dismissal letter was dated April 5, 2018. One week is sufficient time for an academic dismissal decision to be made in a "careful and deliberate" manner.

Worcester also claims other students took impressions outside the clinical setting, but were allowed an opportunity to take them again in the proper setting, and were not dismissed from the program. But Worcester completely ignores what is obviously the more egregious academic infraction—that, with respect to patient Danielle K., the improperly-taken dental impressions were *also* taken "contrary to the clinical dentist's recommendations, which stated alginate impressions, study models, and whitening *were not appropriate dental services* for Danielle K. due to the presence or [sic] active tooth decay[.]" (Doc. No. 7-1, Letter at 59 (emphases added).)

Worcester violated at least two academic standards:[3] providing dental services without appropriate permission and supervision *and* neglecting a patient's medical history and conditions

---

[3] In addition, Worcester submitted fraudulent documentation of these patient services. (*See* Doc. No. 7-1 at 59–60.)

during provision of services.[4] The Student Handbook identifies both of these infractions as constituting "unsafe dental practices." (Doc. No. 7-2, Dental Hygiene Program Handbook (Excerpts) at 68.) The Handbook also provides adequate notice with respect to the nature of these infractions when it states that "[s]tudents who engage in . . . unsafe dental practices . . . will be removed from the classroom, lab or clinical site (campus or external) *immediately*, and [such behavior] will constitute *immediate failure* of the dental hygiene course . . . and *dismissal from the program*." (*Id.* at 67 (emphases added).)

In addition, although Worcester claims that she was denied procedural due process because the April 5, 2018 letter stated the dismissal was "final," she did, in fact, subsequently submit both a student complaint and an Application for Readmission, both of which were denied. (*See* Doc. Nos. 7-3 and 7-4.) In particular, the May 15, 2018 letter from the dean and the department chair to Worcester's attorney explaining the readmission denial, stated emphatically:

> Not only did the student risk the safety of her patient by performing an unapproved dental service off-campus in an unsupervised non-clinical setting (her home), she performed the service against the direct orders of the dentist who instructed her not to perform the service.

(Doc. No. 7-4, Letter at 87.) The letter also noted that Worcester had been informed nineteen (19) times, via class syllabi, that performing an unapproved treatment violated the Student Handbook Professionalism Policy, the American Dental Hygienists' Association Code of Ethics, and the Ohio Administrative Code. (*Id.* at 87–88.) No post-dismissal hearing was constitutionally required; even so, Worcester was given the opportunity to discuss her situation with the Dean and the Provost. (Compl. ¶ 41.)

---

[4] There is no allegation that any other student did the latter and was not dismissed.

Taking as true all of Worcester's allegations in her complaint, she has not established a procedural due process violation in connection with her academic dismissal from SSC's dental hygiene program.

### b. Substantive Due Process Claim

Substantive due process "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.'" *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014) (citing *Bell v. Ohio State Univ.*, 351 F.3d 240, 249–50 (6th Cir. 2003)). "It also protects the right to be free from 'arbitrary and capricious' governmental actions, which is another formulation of the right to be free from conscience-shocking actions." *Id.*

Although Worcester captions count one of her complaint as encompassing a substantive due process claim, she fails to allege the elements of any such claim. In particular, she does not allege that she had any liberty or property right to remain in the dental hygiene program. "[T]he Supreme Court never has held that the interest in continued education at a public university constitutes a fundamental property or liberty interest that finds refuge in the substantive protections of the Due Process Clause." *Martinson v. Regents of Univ. of Mich.*, 562 F. App'x 365, 375 (6th Cir. 2014). In fact, the Sixth Circuit "has rejected the notion that substantive due process protects a medical or nursing student's interest in his or her continued enrollment." *Yoder*, 526 F. App'x at 549 n.7 (citing cases).

Nor has Worcester alleged government actions that "shock the conscience." Despite her argument in opposition to the motion that certain "disparity in punishment" between her and

9

another student[5] "is as extreme as it gets[,]" and "is shocking" (Opp'n at 102), her dismissal from the dental hygiene program because of her failure to meet the academic, safety, and professionalism standards of SSC, and her outright disregard for her supervisor's directives, is not conscience-shocking by any measure.

### c. Summary Conclusion on Section 1983 Claim

SSC is entitled to dismissal of Worcester's Section 1983 claims of procedural and substantive due process violations.

## 2. State Law Breach of Contract Claim

Worcester alleges that she had a contractual relationship with SSC which was breached when SSC dismissed her from its dental hygiene program without following its own procedures.

When deciding whether to exercise supplemental jurisdiction over a state law claim, a court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

A court "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . [it] has dismissed all claims over which it ha[d] original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations

---

[5] This argument references the complaint, where Worcester alleges she was treated differently than another student who committed the same infraction as she did (i.e., taking dental impressions outside the classroom and off-site). (*See* Compl. ¶¶ 31–33.) These "similarly situated"-type allegations would ordinarily be the basis for a Fourteenth Amendment equal protection claim. But Worcester has not alleged that she is a member of any protected class, and her Fourteenth Amendment claims are factually based in due process only. Even so, were there an equal protection claim asserted, Worcester would not be able to escape the rational basis that SSC gave for her academic dismissal, namely, that she disobeyed the directive of her supervising dentist by taking the dental impressions in the first place, no matter where they may have been taken.

usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

Here, the sole federal claim has been dismissed at an early stage in the proceedings. The Case Management Conference has not yet been conducted and there has been no discovery or other proceedings, other than briefing on the motion to dismiss. The balance weighs in favor of this Court *not* "needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182.

The state law claim for breach of contract is dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth herein, the motion to dismiss filed by defendant Stark State College is granted with respect to plaintiff's federal claim under 42 U.S.C. § 1983. The motion is granted with respect to the breach of contract claim, as the Court declines to exercise its supplemental jurisdiction over that claim.

**IT IS SO ORDERED**.

Dated: July 10, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**